UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Case No. 5:20-CV-00158

| | |
|---|---|
| DAVID WOLDMAN, AND WIFE MICHELLE WOLDMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST-CITIZENS BANK & TRUST COMPANY,<br><br>Defendant. | **ANSWER AND COUNTERCLAIM** |

NOW COMES Defendant First-Citizens Bank & Trust Company ("First-Citizens"), by and through the undersigned counsel, and responds to the allegations in Plaintiffs' Complaint as follows:

1. Admitted.

2. It is admitted that First-Citizens is a North Carolina banking corporation with a principal place of business in Raleigh, North Carolina, which has branches in Iredell County, North Carolina. Except as admitted herein, the remaining allegations of this paragraph are denied

3. [There is no paragraph 3 in Plaintiff's complaint]

4. Denied.

5. Denied.

6. Denied.

## Jurisdiction and Venue

7. First-Citizens incorporates by reference its responses to the allegations contained in paragraphs 1 through 6 of Plaintiffs' complaint as if fully set forth herein.

8. It is admitted that the United States District Court for the Western District of North Carolina has subject matter jurisdiction over this matter and that venue is proper in this court. Except as admitted herein, the remaining allegations of this paragraph are denied.

9. It is admitted that the United States District Court for the Western District of North Carolina has subject matter jurisdiction over this matter and that venue is proper in this court. Except as admitted herein, the remaining allegations of this paragraph are denied.

## Statement of Facts

10. First-Citizens incorporates by reference its responses to the allegations contained in paragraphs 1 through 9 of Plaintiffs' complaint as if fully set forth herein.

11. First-Citizens is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and, therefore, the same are denied.

12. It is admitted that Plaintiff David Woldman ("Woldman") contacted Chip Pennell ("Pennell") and that Pennell referred Woldman to someone else within First-Citizens because Pennell did not handle the type of loans Woldman requested. Except as admitted, the remaining allegations of this paragraph are denied.

13. It is admitted that in early May, 2020, Rankin Nimocks ("Nimocks") had more than one conversation with Woldman concerning Woldman's desire to obtain a home equity line of credit and a primary mortgage from First-Citizens. Except as admitted, the remaining allegations of this paragraph are denied.

14. It is admitted that in early May, 2018, Nimocks told Woldman that Woldman qualified for a home equity line of credit at First-Citizens, but that the loan to value ratio of a first mortgage and the home equity line of credit exceeded First-Citizens Private Bank guidelines. It is also admitted that the First-Citizens home equity line of credit reduced the monthly payment Woldman had been making and consolidated some other debt into the home equity line of credit. Except as admitted, the remaining allegations of this paragraph are denied.

15. It is admitted that in early May, 2018, Woldman provided Nimocks with the information necessary to apply for a home equity line of credit, a personal financial statement and with documents establishing his income and assets. Except as admitted, the remaining allegations of this paragraph are denied.

16. It is admitted that in early May, 2018 Woldman sent his IRA statement to Nimocks. First-Citizens is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, the same are denied.

17. The allegations of this paragraph reference a document, the content of which speaks for itself. First-Citizens denies any allegations that contradict the

3

content of that e-mail. Except as admitted herein, the remaining allegations of this paragraph are denied.

18. It is admitted that in early May, 2018, Nimocks and Woldman discussed that he qualified for a home equity line of credit at First-Citizens, but that the loan to value ratio of a first mortgage and the home equity line of credit exceeded First-Citizens Private Bank guidelines.

19. It is admitted that Nimocks told Woldman that Nimocks could seek an exception to the loan to value guidelines based on the extent of Woldman's prior and current relationship with First-Citizens and the amount of assets that Woldman had with First-Citizens. It is further admitted that Woldman at that time had no prior relationship with First-Citizens, nor did Woldman have any assets in accounts with First-Citizens. Except as admitted herein, the remaining allegations of this paragraph are denied.

20. Denied.

21. Denied.

22. First-Citizens is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, therefore, the same are denied.

23. Denied.

24. First-Citizens is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, therefore, the same are denied.

25. It is admitted that Woldman closed on a first mortgage with First-Citizens on June 4, 2018, as well as a home equity line of credit. It is further admitted that First-Citizens requested that Woldman's IRA be transferred after the loans closed and that Woldman's IRA was transferred to First-Citizens on June 26, 2018. Except as admitted herein, the remaining allegations of this paragraph are denied.

26. Denied.

27. It is denied that the allegations in paragraph 27 reference the correct standard required for Woldman to obtain his first mortgage from First-Citizens. Except as admitted herein, First-Citizens is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, the same are denied.

28. It is admitted that beginning in March, 2019, Woldman had the assets in his IRA transferred from First-Citizens. Except as admitted herein, First-Citizens is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, the same are denied.

## Count I

29. First-Citizens incorporates by reference its responses to the allegations contained in paragraphs 1 through 28 of Plaintiffs' complaint as if fully set forth herein.

30. Denied.

31. It is admitted that the allegations of this paragraph recite certain provisions from 12 U.S.C. § 1972. It is denied that this is a full or complete description of federal law.

32. Denied.

33. The allegations of paragraph 33 and subparagraphs (a), (b), (c) and (d) are denied.

34. Denied.

35. Denied

36. Denied

37. Denied

38. Denied.

39. It is admitted that the allegations of this paragraph recite certain provisions from 12 U.S.C. § 1975. It is denied that this is a full or complete description of federal law.

## Count II

40. First-Citizens incorporates by reference its responses to the allegations contained in paragraphs 1 through 39 of Plaintiffs' complaint as if fully set forth herein.

41. Denied.

42. Denied

43. Denied

44. Denied

45. Denied

46. Denied

### Count III (Named Count VII in Complaint)

47. First-Citizens incorporates by reference its responses to the allegations contained in paragraphs 1 through 46 of Plaintiffs' complaint as if fully set forth herein.

48. Denied.

49. Denied

FIRST-CITIZENS DENIES EACH AND EVERY ALLEGATION OF THE COMPLAINT NOT EXPRESSLY ADMITTED ABOVE.

### COUNTERCLAIM

Pursuant to Fed. R. Civ. P. 13, First-Citizens, by and through undersigned counsel complaining of Plaintiff David Woldman, alleges and states the following counterclaim arising out of the transaction or occurrence that is the subject matter of Plaintiffs' complaint as follows:

50. First-Citizens incorporates by reference its responses to the allegations of paragraph 1 though 49 of Plaintiffs' complaint as if fully set forth herein.

51. First-Citizens is a North Carolina banking corporation with a principal place of business in Raleigh, North Carolina, which has branches in Iredell County, North Carolina.

52. Woldman is a citizen and resident of Iredell County, North Carolina.

53. The court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367.

## Count I - First Note

54. First-Citizens incorporates by reference the allegations in paragraphs 50 through 53 of its counterclaim as if fully set forth herein.

55. On or about June 4, 2018, for good and sufficient consideration, Woldman executed and delivered an Interest-Only Period Adjustable Rate Note to First Citizens, in the original principal amount of One Million Four Hundred Forty-Four Thousand and 00/100 Dollars ($1,444,000.00), with interest, terms, and conditions as shown on the copy of said note ("First Note"). A true and correct copy of the First Note is attached hereto as Exhibit A and is incorporated herein by reference.[1]

56. Woldman defaulted under the terms of the First Note as a result of his failure to make payment when due and to fully perform his obligations to First-Citizens.

57. By letter dated January 16, 2020, First-Citizens, by and through counsel, notified Woldman of his default under the First Note, First-Citizens' acceleration of the amounts due under the First Note and its demand for payment of the amounts due under the First Note ("Demand Letter").

58. The Demand Letter also notified Woldman, pursuant to N.C. Gen. Stat. § 6-21.2, of First-Citizens' intent to enforce the attorney's fee provision of First Note if the balance was not paid within ten (10) days. A true and correct copy of the Demand Letter is attached hereto as Exhibit B and incorporated by reference.

---

[1] First-Citizens has redacted all of the account numbers from the exhibits attached hereto.

59. Woldman failed to pay the amounts due under the First Note within the time period set out in the Demand Letter. Woldman is in default under the terms of the First Note.

60. Pursuant to the terms of First Note, as of October 29, 2020, Woldman owes First-Citizens the principal amount of $1,444,000.00, plus accrued interest of $122,920.13, late charges of $4,710.30 and appraisal fees of $1,002.00, with interest continuing to accrue at a rate of $184.36 per diem, which is 4.66% per annum.

61. As a result of Woldman's default under the terms of the First Note, First-Citizens is entitled to have and recover from Woldman the principal amount of $1,444,000.00, plus accrued interest as of October 29, 2020, of $122,920.13, late charges of $4,710.30 and appraisal fees of $1,002.00, with interest continuing to accrue at a rate of $184.36 per diem, which is 4.66% per annum, until judgment and at the legal rate thereafter until paid in full.

62. Pursuant to the terms of the First Note and N.C. Gen. Stat. § 6-21.2, First-Citizens is also entitled to have and recover from Woldman its reasonable attorney's fees in the amount of fifteen percent (15%) of the principal and interest due and owing on the First Note at the time this action is filed.

### Equity Line Agreement

63. First-Citizens incorporates by reference the allegations in paragraphs 50 through 62 of its counterclaim as if fully set forth herein.

64. On or about June 4, 2018, for good and sufficient consideration, Woldman also executed and delivered an Equityline Agreement to First Citizens, with a maximum credit limit of Two Hundred Forty Thousand and 00/100 Dollars

($240,000.00), with interest, terms, and conditions as shown on the copy of said agreement ("Equity Line"). A true and correct copy of the Equity Line is attached hereto as Exhibit C and is incorporated herein by reference.

65. Woldman defaulted under the terms of the Equity Line as a result of his failure to make payment when due and to fully perform his obligations to First-Citizens. As a result, First-Citizens' accelerated the amounts due under the Equity Line.

66. As a result of Woldman's default under the terms of Equity Line, as of October 29, 2020, Woldman owes First-Citizens the principal amount of $240,000.00, plus accrued interest of $5,963.11, and late charges of $148.85, with interest continuing to accrue at a rate of 5.375% per annum.

67. As a result of Woldman's default under the terms of the Equity Line, First-Citizens is entitled to have and recover from Woldman the principal amount of $240,000.00, plus accrued interest of $5,963.11 as of October 29, 2020, and late charges of $148.85, with interest continuing to accrue at a rate of 5.375% per annum, until judgment and at the legal rate thereafter until paid in full.

68. **Pursuant to N.C.G.S. § 6-21.2, First-Citizens hereby demands payment and notifies Woldman unless the principal amount of $240,000.00, plus accrued interest of $5,963.11 as of October 29, 2020, and late charges of $148.85, with interest continuing to accrue at a rate of 5.375% per annum, is made within thirty (30) days of the date of filing and service of this Answer and Counterclaim, First-Citizens will seek its reasonable attorney's fees from Woldman.**

69. **Pursuant to N.C.G.S. § 6-21.2, if Woldman fails to make payment as demanded within thirty (30) days of the date of filing and service of this Answer and Counterclaim, First-Citizens is entitled to its actual attorney's fees in the amount of fifteen percent (15%) of the principal and interest due and owing on the Equity Line at the time this Answer and Counterclaim is filed.**

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state claims upon which relief may be granted, including, but not limited to, with regards to Plaintiff Michelle Woldman, who is not liable on either of the loans at issue, whose name was not on the IRA at issue and who at no time had any banking relationship with First-Citizens.

2. Woldman's IRA and any other accounts Woldman had with First-Citizens, as well as any accounts held by putative class members, constitute loans, discounts, deposits, or trust services that fall under the traditional bank product exception set out in 12 U.S.C. § 1972(1)(C) and 12 CFR § 225.7.

3. Plaintiff and the putative class's request for injunctive relief is barred because Plaintiff and the putative class have not suffered and will not suffer any irreparable injury or harm if that request is denied.

4. The proposed class action fails to satisfy the numerosity requirement of Fed.. R. Civ. P. 23(a)(1), the commonality requirement of Fed.. R. Civ. P. 23(a)(2), the typicality requirement of Fed.. R. Civ. P. 23(a)(3) and the named plaintiffs will not adequately and fairly protect the interests of the proposed class, as required by Fed.. R. Civ. P. 23(a)(4).

5. The proposed class lacks common questions of law or fact, as required by Fed. R. Civ. P. 23(b)(3).

6. Plaintiffs' class action complaint should be dismissed because the named plaintiffs are not adequate representatives of the proposed class.

7. The claims in the Complaint are barred to the extent that Plaintiffs and the putative class have failed to assert them within the applicable statute(s) of limitation.

8. Plaintiffs' and the putative class's claims are barred, in whole or in part, to the extent they failed to mitigate their alleged damages.

9. Plaintiffs' and the putative class's prayer for relief seeking damages pursuant to N.C. Gen. Stat. § 95-25.22 is unfounded, as this is not an action brought under the Wage and Hour act where Plaintiffs are seeking unpaid wages.

10. To the extent Plaintiffs and the putative class's claims are barred by the doctrines of laches, waiver, estoppel, accord and satisfaction, and/or their own actions, inactions and/or omissions, such doctrines are pled as defenses to the Complaint.

11. First-Citizens plead the limits on punitive damages set out in N.C. Gen. Stat. § 1D-25 as a bar or limit to any award of punitive damages sought by the Plaintiffs or the putative class.

12. First-Citizens adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper*

*Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

13. Pursuant to N.C. Gen. Stat. § 1D-30, First-Citizens requests that the issues of liability for compensatory damages and the amount of compensatory damages, if any, be tried separately from the issue of liability for punitive damages and the amount of punitive damages, if any. First-Citizens further requests that any evidence relating solely to the issue of punitive damages not be admissible until and only if the trier of fact determines First-Citizens is liable for compensatory damages and the amount of compensatory damages.

14. First-Citizens reserves the right to amend and supplement its forgoing defenses with those which may be identified during discovery or at any trial of this action.

WHEREFORE, First-Citizens prays the Court as follows:

1. That Plaintiff and the proposed class members have and recover nothing from First-Citizens and that Plaintiffs' and the proposed class members' claims be dismissed with prejudice;

2. That First-Citizens have and recover from Woldman on the First Note the principal amount of $1,444,000.00, plus accrued interest as of October 29, 2020, of $122,920.13, late charges of $4,710.30 and appraisal fees of $1,002.00, with interest continuing to accrue at a rate of $184.36 per diem, which is 4.66% per annum, until judgment and at the legal rate thereafter until paid in full;

3. That First-Citizens have and recover from Woldman on the Equity Line the principal amount of $240,000.00, plus accrued interest of $5,963.11 as of October 29, 2020, and late charges of $148.85, with interest continuing to accrue at a rate of 5.375% per annum, until judgment and at the legal rate thereafter until paid in full.;

4. That First-Citizens have and recover its costs and expenses incurred in defending this action and prosecuting the counterclaim, including its legal fees to the extent allowed by law, including pursuant to N.C. Gen. Stat. §§ 6-21.2, 75-16.1 and 1D-45;

5. That the Court bifurcate the issues of punitive damages from compensatory damages in accordance with N.C. Gen. Stat. § 1D-30; and

6. For such other and further relief as may be just and proper.

Respectfully submitted the 29th day of October, 2020.

**POYNER SPRUILL LLP**

By: s/ Thomas L. Ogburn, III
Thomas L. Ogburn, III
NC State Bar No. 23415
togburn@poynerspruill.com
301 S. College St., Suite 2900
Charlotte, NC 28202
Telephone: 704.342.5250
Facsimile: 704.342.5264
COUNSEL FOR DEFENDANT
FIRST-CITIZENS BANK &
TRUST COMPANY

# CERTIFICATE OF SERVICE

I certify that I have electronically filed the foregoing *Answer and Counterclaim* with the Clerk of Court using the CM/ECF system, which will send notification of filing to all counsel and parties of record:

James W. Surane, Attorney at Law
20460 Chartwell Center Drive, Suite 103
Cornelius, North Carolina 28031
*Counsel for Plaintiffs*

This the 29th day of October, 2020.

                                                  s/ Thomas L. Ogburn, III
Thomas L. Ogburn, III
NC State Bar No. 23415
Poyner Spruill LLP
301 S. College St., Suite 2900
Charlotte, NC 28202
Telephone: 704.342.5250
Facsimile: 704.342.5264
togburn@poynerspruill.com
COUNSEL FOR DEFENDANT
FIRST-CITIZENS BANK &
TRUST COMPANY